UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:  
    **Thomas Scott Cooper**  
    **Rebecca J. Cooper**

CASE NO: **11-02804-8-SWH**

Debtor (in a joint case, "debtor shall include "debtors")

## CHAPTER 13 PLAN

The format of this chapter 13 plan has been approved by the bankruptcy judges for the Eastern District of North Carolina.

CONFIRMATION PROCESS: Before a plan is confirmed, the chapter 13 trustee will file a separate Motion and Notice for Confirmation that will be served on all creditors. The trustee's Motion and Notice for Confirmation may incorporate some or all of the terms of the debtor's proposed plan, and will state the date by which objections to confirmation must be filed with the court. Any objections to confirmation must state with particularity the grounds for the objection.
**The rights of creditors may be affected if the plan is confirmed, and creditors should carefully read the plan.**

PROOF OF CLAIM: A creditor's claim will not be allowed or paid unless a proof of claim is filed by or on behalf of the creditor. Only allowed claims will receive a distribution from the chapter 13 trustee. Confirmation of a plan does not preclude the debtor, trustee or a party in interest from filing an objection to a claim.

PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS: Pre-confirmation adequate payments required by 11 U.S.C. § 1326(a)(1) that are to be made through the chapter 13 trustee pursuant to Local Rule 3070-1(b) shall be disbursed by the trustee in accordance with the trustee's customary distribution process. A creditor will not receive a pre-confirmation adequate protection payment unless the creditor timely files a proof of claim.

INFORMATION ABOUT THE DEBTOR: The debtor's Current Monthly Income as defined in 11 U.S.C. § 101(10A) is ABOVE ☐ / ■ BELOW (designate one) the applicable state median income.

The debtor's projected disposable income as referred to in 11 U.S.C. § 1325(b)(1)(B) is $__**0.00**__

The amount referred to in 11 U.S.C.§1325(a)(4) that would be paid to unsecured claims if the debtor's estate were liquidated in a case under chapter 7 of title 11 is $__**0**__. The "liquidation test" has been computed as follows:

| Asset (Real Property, Auto, Other) | Liquidation Value Net of Security Interest |
|---|---:|
| **804 Pamlico Drive, Cary, NC 27511**<br>**Resale value** | 0.00 |
| **507 Normandy Street, Cary, NC 27511**<br>**Resale value** | 0.00 |
| **SECU checking** | 0.00 |
| **IBM Credit Union** | 0.00 |
| **SECU savings** | 0.00 |
| **Kitchen appliances**<br>**Resale value** | 0.00 |
| **Stove**<br>**Resale value** | 0.00 |
| **Refrigerator**<br>**Resale value** | 0.00 |
| **Freezer**<br>**Resale value** | 0.00 |

| Asset (Real Property, Auto, Other) | Liquidation Value Net of Security Interest |
|---|---:|
| **Washing machine**<br>**Resale value** | 0.00 |
| **Dryer**<br>**Resale value** | 0.00 |
| **China**<br>**Resale value** | 0.00 |
| **Living room furniture**<br>**Resale value** | 0.00 |
| **Den furniture**<br>**Resale value** | 0.00 |
| **Bedroom furniture**<br>**Resale value** | 0.00 |
| **Dining room furniture**<br>**Resale value** | 0.00 |
| **Office furniture**<br>**Resale value** | 0.00 |
| **Lawn furniture**<br>**Resale value** | 0.00 |
| **Televisions**<br>**Resale value** | 0.00 |
| **Computers**<br>**Resale value** | 0.00 |
| **Stereo**<br>**Resale value** | 0.00 |
| **Video camera**<br>**Resale value** | 0.00 |
| **DVD player**<br>**Resale value** | 0.00 |
| **Musical instruments**<br>**Resale value** | 0.00 |
| **Piano**<br>**Resale value** | 0.00 |
| **Yard tools**<br>**Resale value** | 0.00 |
| **Drill set**<br>**Resale value** | 0.00 |
| **Kid's car seats**<br>**Resale value** | 0.00 |
| **CD collection**<br>**Resale value** | 0.00 |
| **DVD collection**<br>**Resale value** | 0.00 |
| **Clothing**<br>**Resale value** | 0.00 |
| **Wedding ring**<br>**Resale value** | 0.00 |
| **Cameras**<br>**Resale value** | 0.00 |
| **Firearms**<br>**Resale value** | 0.00 |
| **Golf clubs**<br>**Resale value** | 0.00 |
| **Deer Hunting climber stand**<br>**Resale value** | 0.00 |
| **Western Reserve Life Insurance. Policy No.: 01B0495314. Beneficiary: wife.** | 0.00 |
| **IRA** | 0.00 |
| **1/8 interset in the Gladwyn Cooper Trust. Assets: 50% ownership interest in Triangle Business Associates and 50% ownership interest in Emerald Isle property.** | 45,000.00 |
| **Cooper Realty Group, LLC. Assets: bank account with $27.00.** | 0.00 |
| **Tax refund** | 0.00 |

| Asset (Real Property, Auto, Other) | Liquidation Value Net of Security Interest |
|---|---:|
| Possible lawsuit against the Town of Cary for faulty engineering | 0.00 |
| 2004 Nissan Titan King Cab XE 4WD. Bed liner. Fixed running boards. Off Road package. Power seat. NADA trade is $8,600.00 | 0.00 |
| 2003 Honda Odyssey EX-L DVD. 110k miles. NADA trade is $6,075.00. | 1,360.00 |
| Trailer Resale value | 0.00 |

## PLAN TERMS PROPOSED BY DEBTOR

### 1. PAYMENTS AND LENGTH OF PLAN

The debtor shall make payments to the trustee in the aggregate amount of $  **123,000.00**  , which shall be payable as follows (state amount of monthly payment and the number of months to be paid):   **$2,050.00 per month for 60 months**  .

### 2. PAYMENT OF DEBTOR'S BASE ATTORNEY'S FEES

The balance of the debtor's attorney's base fee to be paid through the plan is $  **2,700.00**   (representing a base fee of $  **3,000.00**   less the amount of $  **300.00**   which has already been paid).

### 3. PAYMENT OF SECURED CLAIMS (PAID THROUGH THE PLAN)

The secured claims to be paid through the plan are listed in the chart at the end of this paragraph. The allowed amounts of the secured claims will be limited to the amounts stated in the column "Amount of Secured Claim to be Paid," which will be paid with interest at the rate shown in the chart. Distributions will be made by the trustee to the holders of secured claims over the duration of the plan as stated in Paragraph 1, and shall be subject to the disbursements for attorney's fees as set forth in Local Rule 2016-1. Unless otherwise ordered by the court, the amount of a creditor's claim in excess of the allowed amount of the secured claim shall be a general unsecured claim.

| Creditor | Collateral Description | 910/365 Claim under §1325(a)? Y/N | Amount of Claim | Collateral Value | Amount of Secured Claim to be Paid | Int. Rate | If Entitled to §1326 PMSI Adeq. Prot. Pymt. Specify Amt. of Pymt. | Est. Mo. Pymt. |
|---|---|---|---|---|---|---|---|---|
| **BAC Home Loan Servicing** | 507 Normandy Street, Cary, NC 27511 Resale value | N | $126,027.00 | $125,000.00 | $121,540.00 | 0% | $0.00 | $865.00 |
| **First Bank** | 804 Pamlico Drive, Cary, NC 27511 Resale value | N | $87,598.00 | $75,000.00 | $73,000.00 | 0% | $0.00 | $253.00 |

### 4. PROPERTY TO BE SURRENDERED TO SECURED CREDITORS

The Debtor Will Surrender The Collateral Listed In The Chart At The End Of This Paragraph.  **Upon confirmation of the plan, the automatic stay and, if applicable, the codebtor stay, will terminate with respect to the surrendered collateral.**  No claim for a deficiency will be allowed unless it is filed within 180 days after confirmation of the plan, and no distribution will be made to an affected secured creditor unless the secured creditor has given the debtor credit and reduced its claim to account for the surrendered collateral.

| Creditor | Collateral Description |
|---|---|
| -NONE- | |

## 5. CURING DEFAULTS

    Pursuant to 11 U.S.C. § 1322(b)(3) and/or (5), the pre-petition defaults listed in the chart at the end of this paragraph will be cured through the plan in full with interest, if any, at the rate specified in the chart. The amount of the arrearage in the chart is an estimation and the amount of the arrearage, unless otherwise ordered by the court, shall be determined by the amount stated in the creditor's proof of claim. After the arrearage, as stated in the proof of claim or as otherwise determined by the court, has been paid through the plan, all pre-petition defaults shall be deemed to be cured, the debtor's obligation shall be deemed to be current as of the date of the petition, the secured creditor shall have no right to recover any amount alleged to have arisen prior to the filing of the petition, and the secured creditor may not declare a default of the note, mortgage or other loan document based upon a pre-petition default.

| Creditor | Collateral Description | Estimated Amount of Arrearage | Interest to be Paid on Arrearage (0% if none specified) |
|---|---|---|---|
| **BAC Home Loan Servicing** | **507 Normandy Street, Cary, NC 27511**<br>**Resale value** | **$3,460.00** | **0%** |
| **First Bank** | **804 Pamlico Drive, Cary, NC 27511**<br>**Resale value** | **$2,000.00** | **0%** |

## 6. SECURED CLAIMS TO BE PAID DIRECTLY TO CREDITORS BY DEBTOR

    The following secured claims shall be paid by the debtor directly to the secured creditors according to the contractual terms of the secured claims:

| Creditor | Collateral Description |
|---|---|
| **State Employees' Credit Union** | **2004 Nissan Titan King Cab XE 4WD. Bed liner. Fixed running boards. Off Road package. Power seat. NADA trade is $8,600.00** |

## 7. PRE-PETITION DOMESTIC SUPPORT OBLIGATIONS

    The following arrearage claims for pre-petition domestic support obligations as defined in 11 U.S.C. §101(14A) shall be paid in full through this plan pursuant to 11 U.S.C.§507(a)(1) unless the domestic support obligation claimant agrees to a different treatment or the court orders otherwise:

| Creditor | Collection Agency | Amount of Arrearage |
|---|---|---|
| -NONE- | | |

    The debtor shall directly pay all ongoing domestic support obligations that become due after the filing of the petition.

## 8. PRIORITY CLAIMS (EXCLUDING DOMESTIC SUPPORT OBLIGATIONS)

    The following claims that are entitled to priority pursuant to 11 U.S.C. §507 shall be paid in full through this plan unless the claimant agrees to a different treatment or the court orders otherwise:

| Creditor | Type of Priority | Amount of Priority Claim |
|---|---|---|
| -NONE- | | |

### 9. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Executory contracts and leases that are being assumed shall be paid directly by the debtor according to the contractual terms of the executory contract or lease . Pre-petition defaults listed in the chart at the end of this paragraph will be cured through the plan. The amount of the arrearage in the chart is an estimation and the amount of the arrearage, unless otherwise ordered by the court, shall be determined by the amount stated in the creditor's proof of claim. After the arrearage, as stated in the proof of claim, has been paid through the plan, all pre-petition defaults shall be deemed to be cured, the debtor's obligation shall be deemed to be current as of the date of the petition, the lessor or party to the executory contract shall have no right to recover any amount alleged to have arisen prior to the filing of the petition, and the lessor or party to the executory contract may not declare a default of the lease or contract based upon a pre-petition default. Claims arising from the rejection of executory contracts and leases shall be general unsecured claims.

| Lessor/Creditor | Subject of Lease/Contract | To be Assumed, Rejected, or other Treatment | Amount of Arrearage | Term of Cure (Months) |
|---|---|---|---|---|
| -NONE- | | | | |

### 10. CO-DEBTOR AND OTHER SPECIALLY CLASSIFIED UNSECURED CLAIMS

The following claims, if allowed, shall be paid as specially classified unsecured claims and shall receive the following designated treatment:

| Creditor | Amount of Debt Specially Classified | Treatment of Claim |
|---|---|---|
| -NONE- | | |

### 11. GENERAL UNSECURED CLAIMS

General unsecured claims shall be paid through the plan pro rata to the extent that funds are available after disbursements are made to pay secured claims, arrearage claims, priority claims, and other specially classified claims.

### 12. DISCHARGE

Subject to the requirements, conditions and limitations provided in 11 U.S.C. §1328, and unless the court approves a written waiver of discharge executed by the debtor, the court shall, as soon as practicable after completion by the debtor of all payments under the plan, grant the debtor a discharge of all debts provided for by the plan or that are disallowed under 11 U.S.C.§ 502.

### 13. OTHER PLAN PROVISIONS

A. <u>Lien Retention</u>. Holders of allowed secured claims shall retain the liens securing their claims to the extent provided by 11 U.S.C.§ 1325(a)(5)(B)(i).

B. <u>Vesting of Property of the Estate</u>. Property of the estate shall vest in the debtor pursuant to 11 U.S.C. § 1327(b) unless this box is checked ☐, in which event property of the estate shall remain property of the estate after confirmation of the plan.

Except as otherwise provided, property of the estate and property that vests in the debtor upon confirmation shall remain in the possession and control of the debtor, and the trustee shall have no liability arising out of the property or its retention or use by the debtor. The debtor's use of the property shall be subject to the requirements of 11 U.S.C. §363, all other provisions of title 11, the Federal Rules of Bankruptcy Procedure and the Local Rules of this court.

C. <u>Creditor Notices When Debtor to Make Direct Payments</u>. Secured Creditors, lessors and parties to executory contracts that will be paid directly by the debtor may send standard payment notices to the debtor without violating the automatic stay.

D. <u>Rights of Debtor and Trustee to Avoid Liens and to Recover Transfers</u>. Confirmation of the plan shall not prejudice the rights of the debtor or the trustee to bring actions to avoid liens or to avoid and recover transfers. Actions to avoid liens or to avoid and recover transfers must be initiated by separately filed motions or complaints.

E. <u>Other Provisions of the Plan:</u>

(Please attach additional pages as necessary)

|  | **American Home Mortgage** | **Debtor(s) intend to avoid lien under 522(f)(1) or 522(f)(2)** |
|--|--|--|
|  | **Suntrust Mortgage** | **Debtor(s) intend to avoid lien under 522(f)(1) or 522(f)(2)** |

Date **April 28, 2011**              Signature **/s/ Thomas Scott Cooper**
                                              **Thomas Scott Cooper**
                                              Debtor

Date **April 28, 2011**              Signature **/s/ Rebecca J. Cooper**
                                              **Rebecca J. Cooper**
                                              Joint Debtor