**SO ORDERED.**

**SIGNED this 16 day of December, 2011.**



_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE:  THOMAS SCOTT COOPER ) | CHAPTER 13 |
| AND REBECCA J. COOPER, ) | CASE NO.  11-02804-8-SWH |
| ) | |
| DEBTORS, ) | |

### CONSENT ORDER RESOLVING DEBTORS' MOTION TO VALUE COLLATERAL

THIS MATTER coming on to be heard and being heard before the undersigned United States Bankruptcy Judge for the Eastern District of North Carolina on Debtors' Motion to Value Collateral of SunTrust Bank ("SunTrust") filed herein May 3, 2011 (DK #14) and it appearing to the Court from the record and through stipulation of counsel that;

1. The Debtors filed an individual chapter 13 bankruptcy case on April 9, 2011.

2. The Debtors own real property which is not their principal residence located at 507 Normandy Street, Cary, NC  27511 ("Real Property").

3. The fair market value of the Real Property has been determined to be $140,000.00.

4. As reflected in a deed recorded at Book 8765, Page 2029, Wake County Registry, the legal description of the Real Property is:

    BEING all of Lot 65, RUSSELL HILLS ADDITION NO. 3, according to the map recorded in Book of Maps 1957, Page 38, Wake County Registry.

5. The Real Property is encumbered by a first deed of trust to First Financial Services, Inc. filed with the Wake County Register of Deeds on April 11, 2003 in the original amount of $128,000.00 and subsequently assigned to BAC Home Loans Servicing, LP (BAC).  As reflected in Claim # 7-1 filed herein, the balance due to BAC on this deed of trust is $128,163.65 including arrears of $2,680.86.

6. The Real Property is encumbered by a second deed of trust to SunTrust filed with the Wake County Register of Deeds on March 16, 2005 in the amount of $40,000.00. As reflected in Claim # 1-1 filed herein, the balance due to SunTrust on this deed of trust is $39,530.91.

7. Because the Real Property is not the Debtor's principal residence, the rights of SunTrust created by their deed of trust in the Real Property can be modified pursuant to 11 U.S.C. § 1322(b)(2).

8. The undersigned parties, the Debtors and SunTrust, by and through counsel, wish to resolve this matter without further litigation, and to that end agree that SunTrust shall be allowed a secured claim of $11,836.35 in the Debtors' bankruptcy case, which shall be paid in full with interest through the plan. The Debtors' plan and plan payment shall be changed accordingly.

ORDERED that the Real Property is to be retained by the Debtors, subject to compliance with the terms of this order and any other orders of the Court; it is further,

ORDERED that SunTrust shall be allowed a secured claim of $11,836.35 which shall be paid through the plan at the interest rate of 5.25 percent with the balance of the claim to be an unsecured non-priority claim.  The Debtors shall amend the plan accordingly; it is

FURTHER ORDERED that upon completion of the plan and entry of discharge of each debtor, SunTrust's lien described herein shall become null and void and shall be extinguished automatically without further court order pursuant to 11 U.S.C. § 506(d) and upon such entry of discharge the lien described herein shall be released of public record within 30 days in accordance with N.C. Gen. Stat. § 45-36.9; it is

FURTHER ORDERED that, effective upon entry of discharge in the Debtors' Chapter 13 case, the lien of SunTrust shall be avoided without further order pursuant to 11 U.S.C. § 506(d); provided, however, that the court reserves jurisdiction to consider if appropriate the avoidance of SunTrust's lien prior to entry of a discharge under 11 U.S.C. § 1328(a).  In the event the Debtors' case is dismissed or converted to Chapter 7, SunTrust's lien shall not be affected by this order in accordance with 11 U.S.C. § 349(b)(1)(C) or § 348(f)(1)(B) as applicable, it is

FURTHER ORDERED that the terms of this order shall be incorporated into and be made a part of Debtors' Chapter 13 plan and the order confirming the Debtors' Chapter 13 plan.

(*signatures on following page*)

AGREED:

/s/ Travis Sasser
Travis Sasser
Attorney for Debtors

/s/ Rebecca A. Leigh
Rebecca A. Leigh
Attorney for Creditor SunTrust Bank

NO OBJECTION:

/s/ John F. Logan
John F. Logan
Chapter 13 Trustee

"End of Document"